(No. 44550.— )

RAYMOND M. WATSON, Appellant, v. CHICAGO TRAN-
SIT AUTHORITY, Appellee.

*Opinion filed October 2, 1972.*

JOHN C. AMBROSE and PHILIP J. SCHMIDT, both of Chicago, for appellant.

JAMES G. O'DONOHUE, O. R. HAMLINK, JEROME F. DIXON, and HARRY I. PARSONS, all of Chicago, for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This appeal involves a personal injury complaint filed in the circuit court of Cook County against defendant, Chicago Transit Authority. At the close of plaintiff's evidence before a jury, the trial court directed a verdict for defendant. The appellate court affirmed, holding that the injury to the plaintiff was not foreseeable and thus the failure of defendant's driver to aid plaintiff could not be considered negligent under the circumstances. (*Watson v. Chicago Transit Authority, 133 Ill.App.2d* ——, *272*

*N.E.2d 690.)* We granted leave to appeal. The sole issue presented is whether the motion for a directed verdict was properly allowed.

About 6:30 A.M. on December 25, 1962, plaintiff and his companion, Miss Maureen Davis, boarded defendant's bus, which contained only a few passengers, at the corner of 67th and South Parkway in Chicago. As plaintiff paid his fare, he noticed a man talking with the bus driver. Plaintiff and Miss Davis sat in the second row of seats behind the driver while the other man continued the conversation. Plaintiff stated that the man appeared intoxicated.

When the bus reached State Street, the man prepared to alight from the bus but then turned and approached the plaintiff asking him in a loud voice for change for a quarter. Plaintiff informed him that he had no change and suggested that he ask the driver. The man refused and continued to loudly demand change from him. Plaintiff further testified that at this point the man pulled a pistol from his pocket. The plaintiff immediately seized his wrist and began to struggle with him. At this time a female passenger seated nearby heard the commotion and, seeing the gun, began to scream. Plaintiff and the gunman continued to struggle moving toward the rear of the bus and Miss Davis, who was also screaming, attempted to pull the assailant away from plaintiff. In the meantime the driver continued to operate the bus for approximately four blocks without stopping it.

Between Stewart and Normal avenues, four or five blocks west of State Street, the driver opened the rear door of the vehicle at the instant when all three persons, plaintiff, Miss Davis and the gunman, were leaning against it. As they fell from the bus, the gun discharged hitting plaintiff in the abdomen. The gunman escaped and Miss Davis hailed a passerby who summoned police. The driver had stopped his vehicle a short distance away, the remaining passengers disembarked and the driver locked himself in.

Further evidence was admitted showing the extent of plaintiff's injuries and the amount of damages resulting therefrom. At the close of plaintiff's case, defendant's motion for a directed verdict was granted.

Defendant, citing *Letsos v. Chicago Transit Authority, 47 Ill.2d 437,* now argues that the directed verdict was proper. However, that case involved a factually dissimilar situation. In *Letsos,* the plaintiff, who was seated near the front of a crowded bus, claimed that a noise at the back of the bus became very loud and as he turned he was hit by a bullet fired from the rear of the vehicle. The driver, however, testified that he previously ejected an unruly passenger and refused to allow him to re-enter the bus. He continued to drive but saw plaintiff become involved in an altercation and as he prepared to separate the combatants, plaintiff was shot.

We stated: "As a common carrier, the defendant was bound to exercise a high degree of care toward its passengers and this included the responsibility to prevent injuries which could have been reasonably foreseen and avoided by the carrier. [Citations.] A carrier will be held liable for an assault by one passenger on another or for misconduct by one passenger which causes injury to another where the carrier has reason to anticipate the incident, and fails to exercise the degree of care and vigilance practicable under the circumstances to prevent the injury." (47 Ill.2d at 441.) Examining the evidence presented in *Letsos* we concluded that the driver had acted reasonably in refusing to allow a possibly unruly man to re-enter the bus and the events which then transpired occurred so swiftly that the driver had no opportunity to prevent the occurrence.

The bus driver in the present case had spoken to the assailant whom plaintiff described as appearing intoxicated. The man gave the impression that he was leaving the bus but then turned and walked toward plaintiff where he continued to loudly demand change from him. During the ensuing altercation and struggle through the entire vehicle,

women passengers were screaming. Meanwhile the driver proceeded several blocks without stopping, and then plaintiff, Miss Davis and the assailant fell from the bus when the driver opened the rear exit while the vehicle was in motion. The driver then continued on but finally stopped the bus, and locked himself in after the remaining passengers had alighted.

Defendant contends that it may be inferred that the driver acted reasonably by continuing to drive the vehicle until he saw a police car which was parked near the area where the bus stopped. However, the driver did not testify and this inference is unsupported.

We cannot agree that the facts of the present case, as established by plaintiff's evidence, so favor defendant that no contrary verdict could stand. (*Pedrick v. Peoria and Eastern R.R. Co., 37 Ill.2d 494, 510.*) We therefore reverse the judgment of the appellate court and remand this cause to the circuit court of Cook County for a new trial.

*Reversed and remanded.*